All right, we call our second case of the day, Dukes v. Suncoast Credit Union. You may proceed. Thank you. Good morning, Your Honors. May it please the Court, my name is Melissa Jetta. I'm here with my partner, Richard Hollander, representing Mildred Dukes, the debtor in this matter. Ms. Dukes filed her voluntary Chapter 13 bankruptcy on February 18, 2009. Her plan was confirmed on May 31, 2010. Dukes' plan provided for Suncoast to pay adequate protection payments directly by the debtor, and Suncoast's claim was provided in the secured creditor's class to retain their lien. Dukes received her discharge on March 29, 2012. Dukes' plan did not treat Suncoast under 1322b-5 or 1322b-2. There is no requirement under the Code for the case law that a plan has to modify a right of a secured creditor in order to receive a discharge of her in personam liability under 1328. Creditor's rights in this case have not been modified, nor affected by this plan. A discharge is not... If you succeeded, would the modification, as you know, under the statute, you cannot modify a secured debt that is based on ownership of a home. And under your argument, essentially, there would have been a modification, would there not? No, there is not a modification of the debtor's rights to an in personam liability discharge. The discharge is not a modification. It is an injunction against collection of the in personam liability. In order to provide for a plan... I'm sorry. In order to provide for a debt or a claim, that all is required is that that debt creditor is mentioned, dealt with, or referred to in the debtor's plan, either individually or by class. This was the Supreme Court's rationale in Rake. Well, Rake was very different from this case, would you not agree? Correct. It's a very different scenario. The facts were different in Rake, but the holding of what... And what was mentioned was something in Rake that was clearly dealt with in the plan and paid off through the plan. Here, the argument to me, common sense wise, is a little odd. You've got her going through a plan where she's paying about $5,000 to other creditors, and that's going to be taken care of with the discharge. She owes $150,000 in a loan on her mortgage, which is not paid at all through the plan. She's paying that directly to the holder of the mortgage. And your argument is by going through bankruptcy, paying off some other creditors $5,000, she's home free on this other mortgage that was not even paid through the plan. That, to me, doesn't make good walking around common sense. There would be no difference if the debtor paid the adequate protection through the plan or outside the plan directly, either by the trustee or directly by the debtor. There is no difference than what the creditor would receive in a Chapter 7 discharge than what was done here in the Chapter 13 discharge. The debtor paid the adequate protection payments directly. She did not modify the rights of the creditors. She received her in personam discharge of her liability, which would be the same as if she had surrendered the property. She would receive her in personam liability discharge, injunction against collection, and no rights would have been modified. There is no exception for Sunco's debt under 1328, and there is no code provision that a debt must be affected by the plan in order to be discharged. The concept of affected relates to pre-code law that a lien passes through bankruptcy unaffected. A bankruptcy discharge extinguishes only one mode of enforcement of a claim, namely an action against the debtor of her in personam liability, while leaving the action against the debtor in rem. That's DUSNIT by the Supreme Court. The in rem action, or that modification of rights, was preserved. The creditor had the right, and still has the right, for the in rem relief that they are entitled to. No different in Chapter 7, or had she surrendered the property in her bankruptcy. If there's no further questions, then we'll reserve for rebuttal. Alright. Thank you. May it please the Court. My name is Marie Tomasi. At Council table is Reese Leonard. We're from Trenum Law, and we represent the appellee, Suncoast. The Bankruptcy Court and the District Court both correctly concluded that the personal liability on these debts was not discharged by the Chapter 13 proceedings, and Council's argument is missing the mark, because Ms. Dukes did not file a Chapter 7. She filed a Chapter 13. She did not make the election under Chapter 13 that she could have in her plan to say, here's your property, here's your security, I'm not going to pay you. Instead, what she did was said, I'm going to maintain payment outside of bankruptcy. That is, we have submitted and both the Bankruptcy Court and District Court found, not even providing for Suncoast's debt in the plan, and therefore that debt would be not discharged because it was not part of the plan. But even if you assume that it was, 1322b2 prohibits the modification of long-term secured debt when the security is the principal residence of the debtor. The Bateman Court, this Court in Bateman, has made abundantly clear that 1322b2 precludes the discharge of personal liability on a home mortgage debt absent payment in full. In Bateman, that was a pretty unusual and complicated set of facts and procedural facts that don't really change the ruling as it applies here. And then really what the debtor was doing is the classic 1322b5 for long-term debt, where a debtor has a long-term debt that matures well after the three to five years that Chapter 13 plan is allowed to propose and wants to retain the property. They want to make their payments under the agreed contractual term. And so 1322b5 permits that and lets a debtor make payments, maintain payments on that debt, and keep their property as long as they make the payments. And it gives them that longer term because many debtors can't possibly pay it off in three to five years. So they're either going to lose it or they're going to invoke this section. But the case law has said you don't have to expressly invoke it. You can invoke it by the facts. And here that's what they were doing. They filed, or it was outside of the plan. They filed a motion getting leave to make those payments directly to Suncoast. And for some time they did, but not even for the life of the plan. So if you look at 1322b5 for long-term debt, you'll see under the discharge provisions in 1328 that that is accepted from discharge. But 1322b2 is not accepted from discharge. Isn't that correct? That is correct. What are we to make of that? Well, 1322b2 is not expressly identified as an exception from discharge. Now, there's some case law that we've cited in our brief where the courts have said, and the district court and the bankruptcy court cited as well, have said that when the creditor's rights are unaffected, which they can't be modified under 1322b2 because of the nature of the debt, then they pass through unaffected and the creditor retains all rights. And that would include, as the nobleman U.S. Supreme Court case has told us, even the right to a deficiency judgment. That's part of your bundle of rights, the personal liability. So even though there's not an expressed exception because of the nature of home mortgage debt, it passes through. I think the Bateman decision is instructive on that point as well, Your Honor, because in Bateman that creditor was in a convoluted mess of not protecting its rights, and yet at the end, even though this court had to say, well, we're not going to unwind a plan that's been long confirmed, et cetera, that creditor retained its full set of rights, including the right to pursue a deficiency judgment, because 1322b2 does not let a debtor unilaterally modify the terms of mortgage, primary residence mortgage debt. And the case includes the in personam liability as well? Yes, ma'am. In 1322b5, with respect to that provision's application, Ms. Dukes was not in default. Isn't that right? Yes, that's correct, Your Honor. And I think you're probably pointing to the arguments that have been made in the brief about whether you can use 1322b5 when the debtor is not in default at the time of filing the plan. And there is a split of authority on that, but we believe the greater weight of the authority and the better reasoned authority is the line of cases that says you don't need to be in default, because when you read 1322b5, the conjunctive term and between curing an arrearage and maintaining payments is affected by the any arrearage argument. So if there is no arrearage, you can still maintain your payments. And if you look at the case law, they kind of go into the theory of that and say, if the, let me tell you the name of the case that has this discussion. I'm sorry. It is, yes, the Jones case from the Eastern District of North Carolina, and then Hunt, In Re Hunt, which is also from the Eastern District of North Carolina, both cited in our brief. But what the court explains is that if you use the conjunctive or the disjunctive or, you would have the possibility of a debtor coming in and unfairly electing to maintain payments on the long-term debt but not cure the arrearage, and you can't do that. You have to, if there is an arrearage, you have to do both. So you're reading any as if it says if any. If any, exactly. Because if you read it the other way, too, what you'll have is that the debtors who are really trying hard in not having arrearages and come into court in a better position are not allowed to use this, which would be unjust because this is a great tool for most debtors to keep their homes and make these long-term debt payments over a 20- or 30-year life of a mortgage instead of a five-year life of a plan or a three-year life like in this case. So as a policy reason as well, you don't want to read it in a way that would say to the debtor who's been trying to maintain their payments and hasn't had a default, you can't use it. And what it ultimately would lead to is people manufacturing a default where, you know, the month before they file or two months before they file, they don't make their payment, but that's really bad on their credit record because this is a long-term debt. And so those kinds of failures of payments get reported, whereas if you use the long-term debt provision and you maintain your payments and you ultimately satisfy that loan, it's reported as in good standing, not discharged in bankruptcy but as a good-performing loan, which is good for the debtor. So there are a lot of policy reasons why the court in Hunt especially talks about this, why you want to read it that way. And here I think the debtor tries to disavow that that's what they were trying to do, but they can't really – they either were trying to keep this debt outside of the plan, in which case none of this matters, it wasn't discharged, or they were trying to invoke the maintaining payments to the creditor so they could keep their property. And so in that case it's an express exception. They can't modify the debt under 1322b-2. And so really at the end of all of that discussion, we're back to the two courts, bankruptcy and district court, getting this result right for many different reasons. There are other issues and arguments raised in our brief, but because counsel did not bring them up during her argument, I'm going to rely on the briefs unless the court has any questions for me. I think that the argument flows fairly well through the code sections. Let me ask you, just clarify one point. Did I understand you correctly to say if this was the course that the debtor wanted to follow, where she wouldn't be stuck with the arrearage, she should have just gone straight Chapter 7, turned her house over, and you're saying at that point the arrearage would have been, or the deficiency would have been wiped out through a Chapter 7? Well, I think that's an option if you are trying to get rid of personal liability. I have to confess to not being a bankruptcy lawyer, so I don't really want to make a representation as to what happens in Chapter 7. I know I should know that, but I don't. But what I was saying is that counsel is talking about different, you know, we're no worse off, I think, was her argument, because there are other ways Ms. Dukes could have gotten to the point she wants to be in now where she wants to disavow any personal liability. And my response to that is, but she didn't do that. We are looking at what she actually did. And what she could have done, and even in the 13, is she could have said at the beginning of the 13 in her plan, Dear Suncoast, here's how I'm treating your debt and any potential claims you have. I'm giving you back your property. But she did not do that, and so our client was being paid by the plan or by the separate motion of the debtor outside of the bankruptcy, being paid directly. So it may be, you know, maybe in hindsight they wish they'd done it differently or Ms. Dukes wishes she had taken a different course, but we're dealing with what actually happened, so. All right. Thank you. Okay. Thank you, Your Honor. Good morning, Your Honors. My name is Richard Hollander, and I represent Mildred Dukes, and I am a bankruptcy lawyer. So I can answer some of these questions, I believe, or at least I can try to address them. The issue of the Chapter 7 has nothing to do with the Chapter 13. The statement was made, and the purpose of it is this. If she had chosen to file Chapter 7, the deficiency issue under this mortgage loan would have been discharged, unless they brought some action regarding it. But presuming as it stands now, it would have been discharged. Suncoast would have been in no different position than it would have been at the end of the Chapter 13. Ms. Dukes was current at the time of filing. She could have continued making her payments to Suncoast. She would have been current on her mortgage and her note, and she could have gone along until she missed those payments, and they would have proceeded to do whatever foreclosure in rem they wished to do. But the in personam liability would have been gone. I have clients that file 7s, pay their mortgage continuously, and are still living in their homes. What happens in a 13? A Chapter 13 allows you, under certain conditions. You say, well, they stay in their home, meaning we never know whether there is a deficiency or not, because they're not getting kicked out of their home to know whether or not there's a deficiency. They never go to the mortgage foreclosure because the mortgage is current. Right. And unless the mortgage gets uncurrent or in default. What about your Chapter 7 clients, though, that don't pay the mortgage, it does get foreclosed. Then they get foreclosed. Is the deficiency discharged? Deficiency is discharged under Chapter 7. Absent a 523 issue for fraud or something on that order. I'm assuming those are not there. I'm assuming just a standard Chapter 7 without any additional adversary proceedings to hold the debt non-dischargeable, that the debt is discharged. All right. But unfortunately for your client, we're not in Chapter 7. We're in Chapter 13. So tell us, let's move to that. But a Chapter 13 debtor should be treated no different than a Chapter 7 debtor, and that's basically what the story is. They get rights. The only difference that they've done is take the time frame over which to pay debts, because a Chapter 13 is a repayment program by a person of regular income. So what happens here? Ms. Dukes can treat the secured debt because it's current by continuing to make payments. Whether the dispersing agent on those payments are the trustee or the debtor is irrelevant, and we've provided in our briefs that issue. So the concept of being outside the plan relates to issues and was discussed regarding issues under the Act, not under the Code. October 1, 1979, the Code came into effect. They changed the concept to allow a fresh start. This was part of it. In under Chapter 13, the debtor has certain ways they can treat a secured creditor under 1325. There's basically four of them. I'm not understanding as a practical matter. Let's say your client had gone through the 13. She'd kept paying the mortgage. She didn't get foreclosed on in the middle, and she later on, after the plan's confirmed, then at that point they foreclose under that timing. There will be a deficiency. Are you saying that anticipatory deficiency that might happen was wiped out because of this bankruptcy proceeding in advance? Yes. When the discharge goes into effect, it takes away the in personam right to enforce against her personally. Even if five, seven years later? Twenty-five years later. It's not relevant. It doesn't matter. This debt existed today. At the time of the discharge, the debt existed. At that moment in time, the discharge takes effect. 524 says they're enjoined. And by the way, the provisions for discharge are the same in a 13 as in a 7. The discharge enjoins the enforcement of collection against her personally. Not against the property, which is what affected and unaffected relates to. Against her personally. And she goes on. It's just that simple. It's not that complex. When we filed the 13, Suncoast has choices. Suncoast chose to do nothing here. They could have come in and objected to the treatment under the plan and said. Well, except I think the technical issue, though, was provided in the plan, that this was not provided in the plan. Is there argument that, in fact, this is a side deal, but the plan is something else, those other debtors you're pinning on? It is provided in the plan. There's a provision in the plan. It's mentioned in the plan. No, it's provided for. Because every time anything that's in the plan is provided for in the plan. We're going to pay them adequate protection. That's the provision in the plan. They're going to retain their lead as a secured creditor. That's a provision on the plan. Under RAIC. RAIC? Okay, pardon me. I'm not as good on the case law as Ms. Jett is. Under RAIC, if it's referred to, indicated, or mentioned, it's provided for in the plan. Says who? Says who? RAIC doesn't really say that. The RAIC quote is. It's a quote, but it's a very different factual situation. Well, actually, RAIC is a different factual situation, but there are a number of factual situations. Everybody takes, all the case law that I have read, takes RAIC and the, what's the Ninth Circuit case? Huh? Gregory. The Ninth Circuit case of Gregory. Their definition of provided for in the plan is basically the accepted standard for provided for. If you take it from that position, there's, in the plan, we call for a payment of adequate protection. We call for them to retain their security interest. The fact that there's nothing else said doesn't stop the discharge. If they wanted to be treated differently, all they had to do was file an objection to the payment structure and say, I want to be paid under 1325 within 60 months in full. Now what happens? Now the debtor has to make a decision. They didn't do that. They can't go hide their head in the sand and say, wait a minute, this isn't provided for. This was never raised at any point. By the way, just so you know, and it's in the brief, Suncoast agrees that they were provided for in the plan. It's an admission in their summary judgment motion. It seems to me that your position nullifies the anti-modification provision. Can you explain how that's not correct? It does not. The anti-modification provision relates to items in the plan. B-2 says, B-2, by the way, all 1322B provisions are discretionary with the debtor to put in the plan. So the debtor has to choose to do those. The anti-modification provision says that we can't modify the provisions by the plan. We can't modify the terms and conditions of a home mortgage. Well, it's in personal jurisdiction, one of the terms and conditions. That's correct, and I agree. However, that's modification, and there's nothing in my plan that modifies it. My plan doesn't modify their mortgage at all. My plan says I'm going to pay you adequate protection during the life of my Chapter 13. That's all my plan basically says, and you get to keep your lien. There's no modification of any of the rights under their mortgage or note. A discharge is not a modification. It is an injunction, and there's a big substantial difference between a modification in a plan and an injunction. I didn't go in as debtor at Debtor's Counsel and say, Suncoast, if we get through this, you have no right to collect from me. What's your best authority for the proposition that this is not a modification? A modification would be a change in the terms and conditions of the loan documents. Will the loan documents allow for a deficiency judgment? No, that would be a modification. I'm saying a modification would be a change in the loan documents. An injunction is not a change in the loan documents. There's nothing in the plan that modifies or changes their loan documents. It is by operation of law that an injunction goes into effect called a discharge. We don't have modification with discharge. They're two totally separate concepts. Your argument then really is they made a technical misstep. If they had just said, we want this whole thing paid off in five years under the plan, which nobody could do, then your client would be right back where she was, which sort of undercuts your whole argument that the policy doesn't work that way. No, ma'am. The point is this. Had they done that and told us that that's what they wanted to do, then we would have had to change our position and figure out how to handle that issue. However... Well, you couldn't have. She couldn't have done it. But there are ways to do these things. We could have gone ahead and turned this into a Chapter 7, discharged the personal liability, and if there was an arrearage, gone into a 13 to control the debt structure and a reinstate. So the Super 20 does work. But the point is this. They're saying that... I'm sorry. I lost my train of thought. One second. But wouldn't that mean that the mortgage holder could never... They'd just have to take the property back all the time? They could never get a deficiency judgment? Correct. On a 13. That's correct. They don't. They're not entitled to a... Unless you invoke 1322B5, which takes that out of the discharge, because that's an exception to discharge under 1328. 1328 says all except for if you invoke 1322B5, it must be invoked in the plan. It isn't a matter of by implication. It's a... In order for you to waive a discharge, even in a 7, you have to sign all these documents. You have to give a consent. You have to know that you're waiving it. The discharge is the total purpose behind a bankruptcy. And it's jealously protected by the code. The problem with the position of Suncoast is, if the court upholds it, every long-term debt, and by the way, that includes credit cards, would no longer be dischargeable. Well, this case would not be having anything to do with credit cards, because we're talking about a residence that's a secured credit. Correct. However, they're saying that by implication... We're not going to be implying anything. I agree. But I'm just talking about their argument. The other problem with their argument is... Let's see if I can remember how I do this. And I apologize for this. Can I just take you back to my question, though? I'm sorry. It seems to me that the Bateman case is against you on the anti-modification provision. And I want to know, what's the authority that's on your side to counter that? The Bateman case, first of all, is a... Bateman is a B-5 case anyway. They invoked B-5 in the Bateman case. That's like France like that. What does that mean? Okay. For 1322 B-5 is the provision that says you have the right to cure and maintain. If you invoke it in your plan and say, I'm going to cure and maintain in my plan under B-5, it's an exception to discharge. Okay? So, in Bateman, Bateman said, I owe you $22,000 in my plan. The creditor comes in and files a proof of claim, an amended proof of claim, and it's $32,000. My numbers are not in the case. I'm just pulling them out of the air, but effectively. At the end of the line, the debtor says, Judge, all of this debt is discharged. And the bankruptcy court agrees. And the district court agrees. And it comes up to the 11th Circuit. And the 11th Circuit says, No. That's not how it works. Number one, the lien passes through bankruptcy unaffected. Number two, you can't prohibit them from completing their foreclosure on the lien. Number three, because of the way the confirmation process occurred in Bateman, it was basically unfair to the creditor. They treated the plan as an objection to claim without proper notice. Effectively, the 11th Circuit at that point said, No, we're not going to treat it that way. That portion of the claim is going to continue and survive. But it doesn't survive in personam. Yes, it doesn't survive in personam. It survives in rem. And they say to the creditor, You can go out, you can foreclose, and you can collect this money in rem. There is no in personam collection in Bateman. Do you all have any other questions? I think I've overused my time. All right. Thank you. Is there anything else I can answer? Thank you. We will rely on our briefs. Thank you. All right. Thank you.